Filed 9/30/25  P. v. Nathan CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>LORNE RUDRAUFF NATHAN,<br><br>      Defendant and Appellant. | D085221<br><br><br>(Super. Ct. No. SCD300881) |

APPEAL from a judgment of the Superior Court of San Diego County, John Pro, Judge.  Affirmed.

Anna M. Jauregui-Law, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Lorne Rudrauff Nathan appeals from a two-year prison sentence after admitting a second probation violation from a guilty-plea conviction for unlawfully selling methamphetamine.  His appointed appellate counsel filed a brief under *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 indicating she found no arguable issues for reversal on appeal.  Counsel asks us to review the record for error as *Wende* requires.

We offered Nathan the opportunity to file his own brief, but he has not done so.

Based on our independent review of the record, we find no reasonably arguable appellate issues. We thus affirm.

I.

Nathan has a lengthy criminal history, having sustained at least eight felony convictions between 1988 and 2016.

In late 2023, Nathan sold one gram of methamphetamine to an undercover officer. He was arrested and charged for selling or furnishing methamphetamine (Health & Saf. Code, § 11379(a)). He later pled guilty to "unlawfully sell[ing] . . . methamphetamine." As part of his plea, Nathan and the People agreed: "NOLT [no opposition to local time], [commitment to Sheriff for] 180 days stayed [pending successful completion of probation], 2 years probation, dismiss balance" of charges. In his plea agreement, Nathan acknowledged: "I understand that if I violate any condition of probation I can be sentenced to imprisonment for" up to four years. At the change of plea hearing, Nathan confirmed that his failure to comply with the terms of his probation would result in custody being imposed.

In January 2024, the trial court sentenced Nathan to felony probation consistent with his agreement with the People. At the sentencing hearing, Nathan confirmed he needed to "adhere to the terms of" his probation.

In April, the court issued a no-bail bench warrant because Nathan had violated the conditions of his probation.

In May, Nathan appeared in court and admitted he violated the terms of his probation. The court revoked Nathan's probation but reinstated it "on the same terms and conditions." The court instructed Nathan: "You are to

2

report to probation within 72 hours of your release.  You understand that?"
Nathan responded, "Yes, I do."

Yet after his release, Nathan failed to "complete his 72-hour check-in as directed" and "failed to report" to his probation officer.

In September, Nathan again appeared in court.  The parties had an unrecorded chambers conference where the court indicated it was prepared to sentence Nathan to the "low term of two years in" prison.  "Given that indicated," defense counsel informed the court Nathan was prepared to admit the probation violation.  Nathan then admitted he violated the terms of his probation.  Based on his admission, the court revoked Nathan's probation and sentenced him to a low-term sentence of two years in prison.

## II.

Nathan's counsel filed a *Wende* brief setting forth a statement of the case and facts, urging no grounds for reversal, and asking us to independently review the record for error.  To assist our review under *Anders*, 386 U.S. at pp. 744-745, counsel identified one issue she considered in evaluating the potential merits of this appeal: Did the trial court abuse its discretion and violate the plea bargain by ordering state prison rather than 180 days of local custody?

We reviewed the entire record as required by *Wende* and *Anders* and discovered no arguable issues for reversal on appeal.  Competent counsel has represented Nathan on this appeal.

III.

We affirm.

CASTILLO, J.

WE CONCUR:


BUCHANAN, Acting P. J.


HUFFMAN, J.*

*    Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.